(C. D. 945)

NEW YORK MERCHANDISE CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided August 8, 1945)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: This protest is directed against the collector's liquidation of an entry covering 319 cases of articles of various kinds imported from Japan during the month of October 1935. The basis of the importer's contention is that the appraisement of the merchandise is invalid under section 499 of the Tariff Act of 1930 in that there were an insufficient designation and examination of packages. Appraisement was made prior to the enactment of the Customs Administrative Act of 1938.

No evidence was produced at the trial, the case being submitted on the official papers transmitted to the court by the collector. Counsel agreed that out of the 319 cases imported but 31 were designated and examined.

Section 499, *supra*, provides that not less than one package of "every ten packages" of imported merchandise shall be designated and examined by customs officers, in the absence of a special regulation authorizing the examination of a less number. It has been held that this is a mandatory duty imposed upon the collector and appraiser and that failure of performance on the part of those officials results in an illegal and void appraisement, and an illegal liquidation. *Carey & Skinner* v. *United States*, 16 Ct. Cust. Appls. 382, T. D. 43118; *United States* v. *Steffen & Sons*, 18 C. C. P. A. (Customs) 455, T. D. 44702; *United States* v. *Gilson Bros.*, 20 C. C. P. A. 117, T. D. 45753; *United States* v. *V. W. Davis, etc.*, 20 C. C. P. A. (Customs) 305, T. D. 46087; *United States* v. *Daniel F. Young*, 27 C. C. P. A. (Customs) 124, C. A. D. 73; *Tower & Sons* v. *United States*, 21 C. C. P. A. (Customs) 417, T. D. 46943; *United States* v. *Japan Import Co.*, 28 C. C. P. A. (Customs) 71, C. A. D. 127; and *United States* v. *Moritz Co. et al.*, 30 C. C. P. A. (Customs) 134, C. A. D. 225.

The Government contends that the examination of 31 out of a total of 319 packages of merchandise satisfies the requirements of section 499, *supra*, because the statute specifies a 10-package unit (but not less than 1 package from every invoice), and that there is no statutory authority for adopting any other measure of quantity.

We therefore have before us for determination the question of whether the language used in section 499, *supra*, requires the designa-

tion and examination of an additional package out of any invoice quantity which when divided by 10 leaves a fraction over the 10-package unit. It is important in this connection to bear in mind that the provisions here in question are for the protection of the Government. This has been held in numerous decisions. In the case of *United States* v. *V. W. Davis, etc., supra*, the court used the following language:

\* \* \*. It is altogether reasonable to suppose that Congress was of the opinion that the designation of at least one package of every ten packages of merchandise for examination for purposes of appraisement was so important in the interests of the Government, in order that proper revenue might be realized from duties upon importations, that no discretion should be left to the collector to use his judgment as to whether the examination of a less number of packages would be sufficient to protect the interests of the Government.

· It is the opinion of the court and we so hold that in order to protect the interests of the Government in a case such as that before us or in any case in which there are additional packages over and above the 10-package unit, 1 out of such extra quantity should be designated and examined. This, of course, in the absence of special regulation providing for a less number to be designated and examined. As the designation and examination of 31 out of these 319 packages are not a compliance with the terms of the statute, the appraisement and liquidation based thereon are illegal and void under the decisions above cited.

Alternatively it is contended by the Government that if the appraisement herein be held void the papers should be considered as still pending before the local appraiser, in which case a valid appraisement might be made by that officer, in view of the express provisions of section 16 (a) of the Customs Administrative Act of 1938. Said section 16 (a) is an amendment of section 499, *supra*, and provides:

No appraisement made after the effective date of the Customs Administrative Act of 1938 shall be held invalid on the ground that the required number of packages or the required quantity of the merchandise was not designated for examination or, if designated, was not actually examined, unless the party claiming such invalidity shall establish that merchandise in the packages or quantities not designated for examination, or not actually examined, was different from that actually examined and that the difference was such as to establish the incorrectness of the appraiser's return of value; and then only as to the merchandise for which the value returned by the appraiser is shown to be incorrect.

The result of the course contended for by the Government would be in this case to cast the burden of proving the facts set forth in said section 16 (a) upon an importer 10 years after importation of the goods. We do not consider such a construction warranted by the statute. It is true that in the case of *United States* v. *Murphy*, 16 Ct. Cust. Appls. 461, T. D. 43210, the court held that since there never had been a valid appraisement of the merchandise there involved, "It would seem that \* \* \* the matter might be regarded as now

pending before the local appraiser." However, since that decision, the case of *United States* v. *Tower & Sons*, 24 C. C. P. A. (Customs) 456, T. D. 48912, was decided in which the court held as follows:

That there can now be no appraisement of the merchandise in conformity with the statute is evident. In consequence, we think the appellate division rendered the correct judgment and the same is *affirmed*.

The judgment rendered by the appellate division therein referred to was in effect that the appraisement being void for insufficient designation and examination of packages, it would be useless to order a new appraisement inasmuch as all the merchandise has been released and no samples retained.

We find nothing in the statute as amended indicative of an intent on the part of Congress that it should be made to apply to cases in which the appraisement was made prior to July 25, 1938, even though such appraisement be held invalid.

It has been held in situations similar to that here presented that the collector in liquidation should take duty upon the entered value. See *McKesson & Robbins* v. *United States*, 11 Ct. Cust. Appls. 459, T. D. 39534; *United States* v. *Michelson*, 12 Ct. Cust. Appls. 402, T. D. 40584; and *United States* v. *Steffan*, 18 C. C. P. A. (Customs) 455, T. D. 44702.

Following those decisions we hold that the appraisement herein being null and void because of lack of compliance with section 499, *supra*, duty should be taken upon the entered values.

Judgment will be rendered accordingly.